18821

Corrie Lei HAVIRD, Appellant, v. Isadore SCHISSELL, as
Executor of the Estate of Lee E. HAVIRD, Respondent.

(162 S. E. (2d) 877)

*Messrs. Floyd D. Spence,* of West Columbia, and *Ryan
C. Shealy,* of Cayce, *for Appellant,*

*Messrs. Harley & Parr,* of Newberry, *for Respondent,*

September 3, 1968.

BUSSEY, Justice.

In this action in equity the plaintiff seeks to enforce a contract alleged to have been made between her and her deceased brother, Lee E. Havird, whereby each agreed to make wills devising to the other their entire respective estates. The cause was not referred but tried by the court and plaintiff appeals from an adverse decree.

In the year 1961, plaintiff, her brother, Lee E. Havird, and her sister, Minnie Havird, all unmarried, were the sole survivors of a family of five children. They owned, as tenants in common, the family home where they were reared, with plaintiff owning a one-fifth interest therein, and the other two each owning a two-fifths interest therein. Lee Havird at the time owned certain other property of substantial value. The record contains abundant evidence to reflect that during the year 1961 the three parties were mutually of a mind to and did, on separate dates during that year, execute mutual wills wherein each devised his or her estate to the other two or the survivor of them.

Minnie Havird died on the 21st of March 1963, leaving in force her 1961 will, leaving only a small personal estate

and her two-fifths interest in the family home, devised equally to plaintiff and her brother. Following her death, Lee Havird, on October 15, 1963 conveyed to the plaintiff, Corrie Lei Havird, for $5.00, love and affection, his then three-fifths interest in the family home. On or about December 17, 1964, the plaintiff and her brother, Lee Havird, went together to an attorney's office where they had prepared and executed mutual wills wherein they devised their entire respective estates, each to the other. Lee Havird died on March 15, 1965, but prior to his death executed another later will under which plaintiff received nothing.

It is plaintiff's contentiton that the mutual wills made by the three parties in 1961 were made in accordance with a binding oral contract between the parties, and that the mutual wills made by her and Lee Havird in December 1964 were made in compliance with, and furtherance of the contract entered into in 1961. Although there is evidence as to the wills allegedly made by Lee Havird in 1961 and in December 1964, neither of them, nor copies thereof, were produced in evidence. Neither of the wills made by the plaintiff, nor that of Minnie Havird, reflect that they were made pursuant to or in accordance with a contract.

This court has held in cases too numerous to mention that when an oral contract to make a will is relied upon, it is necessary that such contract be established by clear, cogent and convincing evidence which carries irresistible conviction to the mind that such a contract actually existed and that the parties thereto understood and acquiesced to its terms. The evidence in the instant case simply fails to meet the foregoing test.

The case of *Looper v. Whitaker,* 231 S. C. 219, 98 S. E. (2d) 266, and the authorities therein cited are clearly controlling and dispositive of the instant case. The following quotations from the *Looper* case are quite apropos of the instant case.

"The most that was established by the testimony of respondent and his other witnesses * * * was that the testa-

trix repeatedly said that she and respondent had agreed to make, or had made, mutual wills. No witnesses referred to a contract which required that neither should revoke his or her will in the lifetime of the other. And there are no facts in the case which induce the finding of such. An agreement to make 'mutual' or reciprocal wills, such as those here, is far short of a contract to keep them in force. In the testimony of the witnesses for the respondent there is the constantly recurring refrain of 'mutual wills', as if that were all that is necessary to established respondent's claim." * * *

"Measured by the settled rule of the degree of proof which is required in such cases, the evidence in this case is patently deficient. It is not clear and convincing that there was a contract by which the testatrix was bound not to alter or revoke her first will, at least without notice to respondent."

The evidence leaves little doubt that, in 1961, the three parties were, at that time, mutually of a mind to make, agreed to make, and did make mutual wills as hereinabove set forth. The evidence further supports the conclusion that plaintiff and her brother, Lee Havird, were, in December 1964, of a mind to make, agreed to make, and did make mutual wills. Such facts, alone, however, are insufficient under all applicable authorities to prove that a contract was made either in 1961 or 1964 which bound Lee Havird not to alter or revoke either of his wills. Here, as in the *Looper* case, no witness referred to any contract or agreement binding any of the parties to not thereafter alter or revoke their respective wills. We find no facts in the record, and counsel for plaintiff-appellant call none to our attention which would induce or support a finding of the existence of a contract to keep any of the mentioned wills in force.

We are satisfied that the lower court was correct in holding that the evidence was insufficient to prove a contract on the part of plaintiff's deceased brother not to revoke his will during his lifetime. Such conclusion renders it unnecessary to discuss the other exceptions on appeal.

The judgment of the lower court is, accordingly,

Affirmed.

Moss, C. J., and Lewis, Brailsford and Littlejohn, JJ., concur.